UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HERBERT JERNIGAN,

                Plaintiff,

    - against -                            **MEMORANDUM & ORDER**
                                               08-CV-3829 (RRM)(LB)

NYCERS,

                Defendant.
-----------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

Plaintiff *pro se* Herbert Jernigan brings this action alleging that Defendant New York City Employees Retirement System ("NYCERS") violated the Americans with Disabilities Act of 1990, 42 U.S.C. §12112 (the "ADA") by denying his application for disability retirement benefits pursuant to New York Retirement and Social Security Law ("RSSL") § 605. Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing (1) that Plaintiff fails to state a claim under the ADA, (2) that, assuming, *arguendo*, that Plaintiff did state a claim, it is nonetheless time-barred, (3) that Plaintiff's claims should have been raised in a New York State Article 78 proceeding, and (4) that Plaintiff fails to state a claim under either the Employee Retirement Income Security Act ("ERISA") or 42 U.S.C. § 1983. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

# BACKGROUND[1]

Plaintiff became a member of NYCERS on or about May 21, 1987, at which time he was employed as an institutional aide with the New York City Human Resources Administration.

---

[1] Plaintiff's complaint offers little in the way of factual allegations. Defendant offers a more fulsome recitation of facts, based on documents that it argues the Court may consider because the Plaintiff relied upon and incorporated them by reference into his complaint. (*See* Defs.' Mem. (Doc. No. 15-2) at 4 n.1; Declaration of Keith M. Snow, dated Mar. 24, 2009 (Doc. No. 15) ("Snow Decl.") (attaching various documents).) While a court's review on a motion to dismiss typically is confined to the complaint itself, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Additionally, courts may consider "matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). With regards to the last category of documents, those "either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit," *id.*, the Second Circuit has cautioned that "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citing *Cortec*, 949 F.2d at 47–48). Moreover, "before materials outside the record may become the basis for a dismissal, several conditions must be met. For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. N.Y. 2006).

For purposes of deciding this motion, the Court will consider the following documents, on which Plaintiff must have relied in bringing this complaint, and of which he has notice: (1) Plaintiff's Application for Membership and Statement of Service, received May 21, 1987 (Snow Decl. Ex. 2), (2) Plaintiff's First Application for Disability Retirement, dated Nov. 17, 2003 (Snow Decl. Ex. 4), (3) NYCERS' denial of Plaintiff's First Application for Disability Retirement, dated July 14, 2005 (Snow Decl. Ex. 9), (4) Plaintiff's Second Application for Disability Retirement, dated August 22, 2005 (Snow Decl. Ex. 10), (5) NYCERS' denial of Plaintiff's Second Application, dated December 1, 2005 (Snow Decl. Ex. 12), (6) Plaintiff's Third Application for Disability Retirement, dated February 7, 2006 (Snow Decl. Ex. 13), (7) NYCERS' denial of Plaintiff's Third Application, dated February 28, 2006 (Snow Decl. Ex. 14), (8) Plaintiff's Fourth Application for Disability Retirement, dated June 9, 2006 (Snow Decl. Ex. 15), and (9) NYCERS' denial of Plaintiff's Fourth Application, dated June 30, 2006 (Snow Decl. Ex. 16). Additionally, the Court will consider the EEOC Letter terminating administrative processing of Plaintiff's charge, dated August 25, 2008, which was attached to Plaintiff's complaint. There is no dispute as to the authenticity or accuracy of any of these documents.

Plaintiff, while maintaining his membership in NYCERS, later became a traffic enforcement agent with the NYPD. Plaintiff was injured in late May 2002[2] while on duty as a traffic enforcement officer, apparently when he fell while walking on or near the sidewalk, injuring his left ankle. Plaintiff apparently did not return to work after his injury, but was on paid disability until July 16, 2002. Plaintiff's employment was terminated on November 11, 2003.

Plaintiff filed his first application for a disability retirement from NYCERS on November 19, 2003. On July 14, 2005, apparently following a medical review process, the Board of Trustees of NYCERS denied Plaintiff's application. Following the denial of Plaintiff's initial application for disability retirement, Plaintiff reapplied for disability retirement three additional times: on August 22, 2005, February 7, 2006, and June 9, 2006. After each of these applications, NYCERS sent Plaintiff letters, dated December 1, 2005, February 28, 2006, and June 30, 2006, explaining that his applications would not be processed because Plaintiff had not applied within one year of the date of his termination from the NYPD on November 11, 2003.[3]

---

[2] The various applications for retirement report alternatively that Plaintiff was injured on either May 24, 2002 or May 27, 2002, while NYCERS' denial letters report that Plaintiff's last day of work was May 24, 2002. Determination of the exact date is not material to this decision.

[3] While not considered in deciding this motion, the Court notes that NYCERS sent Plaintiff additional letters responding to inquiries that Plaintiff sent (apparently, as Plaintiff's letters are not submitted), to NYCERS, as well as to the Mayor's Office, and directly to Mayor Michael Bloomberg. (*See* Snow Decl. Exs. 17–19.)

In February 2008, Plaintiff filed an EEOC discrimination charge relating to the denial of his disability pension. Plaintiff alleged that, in 2002, the NYPD discriminated against him by giving him inaccurate filing deadlines, which, compounded by his disability and other circumstances, allegedly caused him confusion as to when he needed to apply for his disability retirement. Plaintiff further alleged that he didn't know about the discrimination until June 30, 2006, when he received the fourth denial letter from NYCERS. By letter dated August 25, 2008, the EEOC notified the Plaintiff that his allegations of disability discrimination were being dismissed as untimely, as his February 2008 complaint was filed well past the 300-day filing deadline. Plaintiff was issued a right-to-sue letter dated August 27, 2008, and filed this suit on September 12, 2008.

## LEGAL STANDARD

### I. Motion To Dismiss Standard

Under *Twombly*, a complaint should be dismissed only if it does not contain sufficient allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 129 S.Ct.

4

at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950.

## II. *Pro Se* Plaintiff's Submissions Are Liberally Construed

Construing *pro se* Plaintiff's submissions liberally, as required, see *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), this Court interprets them to raise the strongest arguments that they suggest. *See Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir. 1993). A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to his lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983). However, the right of self-representation cannot exempt a party from compliance with relevant rules of procedural and substantive law. *Id.* at 95.

## DISCUSSION

## I. Plaintiff Fails To Allege Facts Plausibly Giving Rise to An Entitlement of Relief

Read liberally, Plaintiff's complaint alleges that NYCERS, in contravention of the ADA, discriminated against him by failing to properly assist him in applying for his disability retirement and by denying his application for disability retirement. The ADA prohibits discrimination against any "qualified individual with a disability because of the disability of such

5

individual." 42 U.S.C. § 12112 (a). With respect to an individual plaintiff, disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "To make out a *prima facie* case under the ADA, a plaintiff must establish that: '(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.'" *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (quoting *Heyman v. Queens Vill. Comm. for Mental Health*, 198 F.3d 68, 72 (2d Cir. 1999)). While Defendant seems to concede factors (1) and (2), it argues that Plaintiff has failed to establish either factor (3) or (4). This Court agrees, and Plaintiff's claims must, accordingly, be dismissed.

First, in order to recover under the ADA, Plaintiff must show that he "is otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation." *Giordano*, 274 F.3d at 747. Here, however, in applying for a disability retirement under N.Y. RSSL § 605, Plaintiff represented that he was "physically or mentally incapacitated for performance of gainful employment." Plaintiff's Application for Disability Retirement, dated Nov. 17, 2003 (Snow Decl. Ex. 4); *see also* N.Y. RSSL § 605(c). Accordingly, Plaintiff, by his own admission, fails to state a claim under the ADA. *See also Potter v. Xerox*,

88 F. Supp. 2d 109, 113 (W.D.N.Y. 2000) (holding that plaintiff, who argued that he could not perform any job, was barred from asserting a claim under the ADA because "there would exist *no* reasonable accommodation that would allow him to work"), *aff'd* 1 Fed. Appx. 34 (2001).

Second, Plaintiff must allege facts to show that he suffered an adverse employment action[4] *because of* his disability. To the contrary, however, Plaintiff fails to make even conclusory allegations to support the requisite causal link between his disability and the denial of his claim, much less allege facts sufficient to make such a link plausible. Accordingly, this failure provides an independent basis for dismissal of Plaintiff's claims.

## II. Assuming, *Arguendo*, that Plaintiff Did State A Claim under the ADA, His Claims Are Time-Barred for Failure To File A Timely Complaint with the EEOC

Failure to file a complaint with the EEOC within 300 days of the incidents complained of can result in dismissal of a plaintiff's claims. *See Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999); *Butts v. N.Y. Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). "The statute of limitations begins to run when the employee receives notice of an

---

[4] It is not clear to this Court that the denial of disability benefits, after Plaintiff was terminated from his employment (an action that he does not now challenge), can ever constitute the type of adverse employment action for which the ADA provides a remedy. Other courts in this circuit addressing this question have concluded that it cannot. *See, e.g., Fiscina v. N.Y.C. District Council of Carpenters*, 401 F. Supp. 2d 345, 355–56 (S.D.N.Y. 2005); *Potter*, 88 F. Supp. 2d at 112; *Dedyo v. Baker Eng'g New York, Inc.*, No. 96 Civ. 7152, 1998 U.S. Dist. LEXIS 132, at *38 (S.D.N.Y. Jan. 13, 1998). As the issue has not been fully briefed, and its decision is unnecessary to resolution of the instant motion, this Court need not reach the issue.

allegedly discriminatory decision – not when the employee is actually impacted by it." *Kendall v. Fisse*, No. 00-CV-5154 (SJ), 2004 U.S. Dist. LEXIS 28505, at *7–8 (E.D.N.Y. May 25, 2004) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250 (1980); *Miller v. IT&T*, 755 F.2d 20, 24 (2d Cir. 1985)).

Here, Plaintiff's first application for disability retirement was denied on July 14, 2005. (*See* NYCERS' denial of Plaintiff's First Application for Disability Retirement, dated July 14, 2005 (Snow Decl. Ex. 9).) Even assuming, as Plaintiff apparently argued to the EEOC, that he was not aware of the alleged discrimination until receiving the denial of his Fourth Application, in a letter dated June 30, 2006, (see NYCERS' denial of Plaintiff's Fourth Application for Disability Retirement (Snow Decl. Ex. 16); EEOC Letter (attached to Compl.)), Plaintiff's complaint to the EEOC is still untimely. According to the EEOC Letter, Plaintiff did not contact the EEOC in February of 2008, well outside the 300-day period after June 30, 2006 in which a complaint might have been timely. (*See* EEOC Letter.) In fact, the EEOC dismissed Plaintiff's complaint on precisely those grounds. (*Id.*)

Because Plaintiff has advanced no grounds on which the limitations period should be tolled, his claims are untimely, and are therefore dismissed.

### III. Other Grounds for Dismissal of Plaintiff's Claims

Citing *McDarby v. Dinkins*, 907 F.2d 1334, 1338 (2d Cir. 1990), Defendant argues Plaintiff should have challenged the denial of his disability pension application by bringing a

proceeding under Article 78 of the New York Civil Practice Law and Rules ("CPLR"). Defendant asserts that Plaintiff's claims are, at heart, an attempt to contest the administrative decision by NYCERS to deny his application for benefits pursuant to RSSL § 605. Under that framework, Plaintiff's claims would be governed by a four-month statute of limitations, and, as discussed above, would have accrued no later than June 30, 2006. *See* N.Y. CPLR 217. Accordingly, the time in which Plaintiff could have brought such a challenge would have run as of October 30, 2006.

Defendant also argues that, should this Court interpret Plaintiff's complaint to allege a claim under ERISA, that claim would also be barred. Defendant is correct. 29 U.S.C. § 1003(b) explicitly exempts governmental employee plans from ERISA coverage. NYCERS, a public employee pension plan covering New York City employees, falls within this exception. *See* 29 U.S.C. § 1002(32) ("The term 'governmental plan' means a plan established or maintained for its employees by . . . the government of any State or political subdivision thereof . . . ."). While Defendant cites no case in which a court has dismissed an ERISA complaint under this exception to ERISA with respect to NYCERS, it does cite to a case in which such a complaint was dismissed on those grounds as against the Teacher's [sic] Retirement System of the City of New York, a similar public employee pension plan. *See Grant v. Teacher's Ret. Sys. of the City of New York*, No. 07 Civ. 5534 (GEL), 2007 U.S. Dist. LEXIS 79462, at *16–17 (S.D.N.Y. Oct. 25,

2007). As this Court can determine no reason why the same result should not apply to Defendant here, any claim by Plaintiff under ERISA must similarly be dismissed.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's motion to dismiss is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice.[5] The Clerk of Court is directed to enter judgment in accordance with this Order and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 18, 2009

/S/
ROSLYNN R. MAUSKOPF
United States District Judge

---

[5] The Second Circuit has instructed that, "when addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Here, however, as demonstrated by the grounds for dismissal discussed above, the complaint, even "liberally read," fails to suggest "that the plaintiff has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a chance to reframe." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, as in *Cuoco*, where the problem with Plaintiff's cause of action is substantive, "better pleading will not cure it," and "[r]epleading would thus be futile." *Id.* Moreover, any claims regarding NYCERS' denial of Plaintiff's application for disability retirement would also clearly be time-barred, providing another reason to dismiss his complaint with prejudice. *See Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 47 (2d Cir. 1999).